IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDTRONIC VASCULAR, INC. ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-78 (TJW) |
| | § | |
| BOSTON SCIENTIFIC CORP. ET AL., | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs Medtronic Vascular, Inc.'s, Medtronic USA, Inc.'s, Medtronic, Inc.'s, and Medtronic Vascular Galway, Ltd.'s (collectively, "Medtronic") Motion for Severance of Claims for Post-Verdict Royalties to Allow for Entry of Final Judgment (Docket Entry #277). In this motion, Medtronic requests the Court to sever Medtronic's continuing causes of action for post-verdict infringement of U.S. Patent No. 6,210,364 ("the '364 Patent") into a separate case, allowing the Court to enter final judgment. Further, Medtronic seeks prejudgment interest on the $19.09 million remaining from the jury's damages award. Defendants Boston Scientific Corporation, SciMed Life Systems Inc. and Boston Scientific SciMed, Inc. (collectively "BSC") do not oppose Medtronic's request for severance of its claims for post-verdict royalties. BSC does oppose Medtronic's request for prejudgment interest.

The court severs plaintiffs' continuing causes of action for future royalties. Plaintiffs' post-verdict causes of action are assigned case number 2-09-cv-28. Plaintiff shall file an appropriate complaint, in the new case, within ten days of this order. Defendant shall file an answer within the time provided by the Federal Rules of Civil Procedure. The court orders the defendant to file, in the new case, quarterly reports beginning on April 1, 2009, identifying the number of units sold with regard to all of the defendant's products found to infringe the '364

patent.

The Court rejects BSC's request that the Court deny Medtronic's motion for prejudgment interest in its entirety. BSC argues that because Medtronic unduly delayed filing suit for five years, and this delay caused a substantial increase in the damages award against BSC, Medtronic is not entitled to any prejudgment interest. BSC points to *Crystal Semiconductor* as guiding case law. *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001). In *Crystal Semiconductor*, the Federal Circuit allowed a denial of prejudgment interest because it found that the plaintiff had delayed bringing suit against the defendants primarily as a litigation tactic. *Id*. Plaintiff had sent letters to several other alleged infringers but had avoided informing the defendants even though it had already determined that the defendants were infringing its patents. *Id*. Although BSC attempts to argue that such is the case here, it can provide no comparable evidence that Medtronic's delay was indeed a litigation tactic. Further, as this Court ruled in its denial of BSC's laches defense, BSC has not "successfully carried its burden in showing that it has suffered either economic or evidentiary prejudice." (Dkt. Entry No. 276, at 18). "[A]bsent prejudice to the defendants, any delay by [the patentee] does not support the denial of prejudgment interest." *Crystal Semiconductor Corp.*, 246 F.3d at 1361-62. Given that the Federal Circuit has repeatedly held that "withholding of prejudgment interest based on delay is the exception, not the rule," the Court finds that this case does not present the sort of undue delay in prosecution that would justify a denial of prejudgment interest. *See Lummus Industries, Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983)) (vacating district court's denial of plaintiff's request for prejudgment interest based on delay in filing its lawsuit after it learned that its patent was being infringed); *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964,

967 (Fed. Cir. 1986) (citing *General Motors Corp.*, 461 U.S. at 655) (holding the district court erred by limiting the duration of prejudgment interest based partially on plaintiff's delay in commencement of trial).

Second, BSC argues that prejudgment interest should be calculated by distributing it over the time of infringement, using a quarterly payment method. The Court rejects this argument as well. The Court has previously calculated prejudgment interest based on the date that infringement began. *See Saffran v. Boston Scientific Corp.*, No. 2-05-CV-547, Docket No. 167 (E.D. Tex. Feb 14, 2008). As the Court explained in the *Saffran* case, this calculation of prejudgment interest is based on the Court's determination that the plaintiff would have been denied the use of that money beginning at that time. *See Saffran v. Boston Scientific Corp.*, No. 2-05-CV-547, Docket No. 193 (E.D. Tex. Apr. 22, 2008). This approach is consistent with Fifth Circuit's understanding of Texas law that would apply to this calculation.[1] *See Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 565 (5th Cir. 2004) (analyzing Texas law and concluding that "such interest [should] be calculated from the time a plaintiff actually loses the use of the money rather than when the actual breach occurred").

In Juror Question Number 8, the jury awarded the plaintiffs $83,000,000 "as a reasonable royalty" for the infringement that they found of the Anderson '364 patent.[2] Since the patent was issued on April 3, 2001, the Court considers this to be the time that the infringing activity began. Consequently, the court deems the award to be what would have been payable at the time that

---

[1] The Federal Circuit has held that regional circuit law applies to issues of prejudgment interest. *See Venture Industries Corp. v. Autoliv ASP, Inc.*, 196 Fed. Appx. 894, 899 (Fed. Cir. 2006). The Fifth Circuit has required that a federal court follow the choice of law rules of the state in which it sits. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1208 (5th Cir. 1993).
[2] The Court subsequently entered judgment as a matter of law that some of the defendants' accused products do not infringe the '364 patent, reducing the jury's award to $19,090,000. *See* Dkt Entry Nos. 255, 264.

infringement began. *See Bio-Rad Labs*., 807 F.2d at 967. The Court therefore calculates pre-judgment interest consistent with the average ninety (90) day commercial paper rate, as established by the Federal Reserve Board. The court believes that a rate consistent with the commercial paper rate is appropriate for a case brought pursuant to federal law. The court uses the commercial paper rates for the time period from April 3, 2001 to the present date to calculate the pre-judgment interest award.

The court renders a Final Judgment contemporaneous herewith. In that judgment, the court awards the plaintiff pre-judgment interest consistent with this order.

SIGNED this 23rd day of January, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE